UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJALI WARD, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>JUDITH ELIZABETH LAWRENCE, et al.,<br><br>   Defendants. | Case No. 19-cv-00183-JST<br><br>**ORDER OF DISMISSAL FOR FAILURE TO COMPLY WITH FED R. CIV. P. 8** |

  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he 'short and plain statement' must provide each defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson,* 355 U.S. 41, 47." Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that consist "largely of immaterial background information" are subject to dismissal under Rule 8. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

  A court may *sua sponte* dismiss a complaint for failure to comply with Rule 8. *Mama Loa Found. v. Hawaii*, No. CV 12-00088 DAE-KSC, 2012 WL 518562, at *2 (D. Haw. Feb. 15, 2012); *see also Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir.1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]"). A Rule 8 dismissal is allowed even if "a few possible claims" can be identified and even if the complaint is not "wholly without merit." *Id*. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). Complaints that fail to comply with Rule 8 "impose unfair burdens on litigants and judges" who "cannot use [such] complaint[s]" and "must prepare outlines to determine who is being sued for

what." *Id*. at 1179–80. *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996). While "verbosity or length is not by itself a basis for dismissing a complaint," *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), "Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir.2011) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (3d ed. 2010)).

When a pro se plaintiff has filed a complaint, courts must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F. 3d 338, 342 (9th Cir.2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985)). When a court grants a motion to dismiss, it is normally required to supply pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F. 2d 1132, 1335-36 (9th Cir. 1987).

The operative Amended Complaint was filed on August 2, 2021. ECF No. 100. The Amended Complaint is 237 pages long. Much of it is printed in single-spaced type, such that if it were double-spaced (as required by the local rules) it would be even longer. *Id.* The narrative is difficult to follow. The complaint is not organized by legal claim. Many allegations are repeated multiple times throughout the document. Much of the complaint consists of argument. It includes letters written by persons other than the plaintiffs to the judge presiding over this case. Other pages consist of partial photocopies of unidentified documents. Still others appear to be records of a state juvenile court. In short, the document does not include a "short and plain statement" showing how Plaintiffs are entitled to relief, as required by Rule 8(a). To the contrary, the complaint "is so sprawling as to be essentially incomprehensible." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) ("The district court did not abuse its discretion in concluding that appellants' complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8." (citation omitted)); *Mogan v. Johnson*, No. 218CV00276JLSSHK, 2018 WL 6185970, at *4 (C.D. Cal. May 25, 2018)

(dismissing complaint under Rule 8 due to "a lack of relevance, organization, chronological factual background, and enumerated legal claims").

The Court therefore exercises its discretion to dismiss the complaint without prejudice. Plaintiffs are ordered to re-file an amended complaint within 28 days. In filing the amended complaint, Plaintiffs must:

1. Write in clear, complete sentences, reasonably free of spelling and grammatical errors;

2. Organize the complaint to describe each legal claim, one at a time, and to follow each legal claim with specific factual allegations which establish that Defendant has violated the law; and

3. Describe the relief requested clearly, describing the method for calculating any money damages.

Plaintiffs, who are proceeding pro se, are advised that there is helpful information for *pro se* litigants at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiffs may also make an appointment with the Northern District's Legal Help Center by calling (415) 782-8982.

If Plaintiffs do not file an amended complaint within 28 days, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 2, 2022



JON S. TIGAR
United States District Judge

3