UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJALI WARD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUDITH ELIZABETH LAWRENCE, et al.,<br><br>    Defendants. | Case No. 19-cv-00183-JST<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME AND MOTIONS FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF No. 141, 142, 143, 144, 145, 146 |

This is a civil rights case brought by Plaintiffs Anjali Ward and Lila Cast, who allege violations of the Indian Child Welfare Act. On August 2, 2022, the Court dismissed Plaintiffs' amended complaint for failure to comply with Rule 8 and ordered Plaintiffs to file an amended complaint within 28 days. ECF No. 129 at 3. The Court then granted Plaintiffs three extensions of that deadline, totaling an additional 126 days. ECF Nos. 133, 136, 140. The Court's latest order, which extended the deadline to January 3, 2023, explicitly warned that "[n]o further extensions will be granted." *Id.* On January 3, Plaintiffs filed six documents:

(1) a petition for a writ of habeas corpus filed on behalf of minor C.W., ECF No. 141;

(2) a duplicate copy of the same habeas petition, ECF No. 142;

(3) an untitled, one-page document arguing that a party was improperly dismissed from this case on the basis of false statements, ECF No. 143;

(4) an administrative motion for extension of time to file an amended complaint, ECF No. 146;

(5) a twenty-nine-page-long amended complaint, ECF No. 145, which includes the untitled, one-page document filed separately at ECF No. 143; and

(6) an eight-page-long amended complaint, ECF No. 144.

The Court is mindful that documents filed by plaintiffs proceeding pro se must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). After reviewing each of the documents Plaintiffs filed, the Court concludes that one of the habeas petitions, ECF No. 142, and the untitled, one-page document, ECF No. 143, were likely filed in error. The habeas petition is a duplicate of the one filed at ECF No. 141, and the one-page document is an excerpt of the longer complaint filed at ECF No. 145. The Court will exercise its discretion to strike both erroneous filings. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (describing the inherent power of district courts to manage their own affairs and control their dockets).

The Court next turns to the remaining habeas petition filed on behalf of minor C.W. ECF No. 141. The petition seeks C.W.'s removal from his current foster home and placement with birth parent Anjali Ward. The federal habeas statute, under which this petition is brought, does not confer jurisdiction on federal courts to hear collateral challenges to child custody determinations. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510-511 (1982) ("[Petitioner's children] are not in the 'custody' of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. . . . [Petitioner] simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.") This Court therefore lacks subject-matter jurisdiction over the habeas petition. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because this Court does not have subject-matter jurisdiction over Plaintiffs' habeas petition, the petition must be dismissed.

Plaintiffs also filed an administrative motion to extend the deadline for filing an amended complaint. ECF No. 146. The Court previously cautioned Plaintiffs that no further extensions would be granted and that any amended complaint must be filed by January 3, 2023. Because over five months have passed since the original August 2022 filing deadline, the Court is not persuaded that further extension of the deadline will result in the timely submission of an amended complaint. The Court will therefore deny Plaintiffs' request for further extension.

Finally, Plaintiffs filed two distinct amended complaints. ECF Nos. 144, 145. Plaintiffs' administrative motion to extend the deadline for filing an amended complaints distinguishes these complaints by length: "I wrote a short and simple statement on [one] and a longer one that I would rather use. Please use the longer amended complaint if I can't get more time." ECF No. 146 at 2. In accordance with Plaintiffs' wishes, the Court will strike the shorter document filed at ECF No. 144, since it does not represent Plaintiffs' intended pleading.

Plaintiffs' longer amended complaint, ECF No. 145, will be the operative complaint in this case. Defendants shall file any response to the amended complaint by February 6, 2023.

**IT IS SO ORDERED.**

Dated: January 6, 2023



JON S. TIGAR
United States District Judge