UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJALI WARD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JUDITH ELIZABETH LAWRENCE, et al.,<br><br>    Defendants. | Case No. 19-cv-00183-JST<br><br>**ORDER OF DISMISSAL**<br>Re: ECF No. 195 |

On April 19, 2023, the Court dismissed Plaintiffs' second amended complaint for failure to comply with Federal Rule of Civil Procedure 8. ECF No. 195. The Court granted leave to amend and ordered Plaintiffs to file a third amended complaint within 28 days. Because Plaintiffs did not comply with that deadline, the Court now dismisses this case without prejudice.

In its April 19 order, the Court explained that it had previously dismissed Plaintiffs' first amended complaint for failure to comply with Rule 8 and provided specific guidance regarding how the complaint should be amended to comply with the Rule. *Id.* at 1. The Court had then granted Plaintiffs three extensions of the deadline to file their second amended complaint; in total, Plaintiffs were given 154 days—over five months—to revise their complaint to comply with the Rule. *Id.*; *see* ECF Nos. 129, 133, 135, 140. Even given specific guidance and five months to revise, Plaintiffs' second amended complaint still did not comply with the Rule. *Id.* at 5-6. The Court granted Plaintiffs leave to file a third amended complaint within 28 days and again issued specific instructions regarding how to draft a complaint to comply with Rule 8. *Id.* at 7-8. The Court also warned that, "[i]f Plaintiffs d[id] not file a third amended complaint within 28 days, or if Plaintiffs' third amended complaint d[id] not comply with Rule 8, the case w[ould] be dismissed with prejudice." *Id.* at 8.

Plaintiffs then requested several extensions of their deadline to file a third amended complaint, which the Court denied. ECF Nos. 197, 199, 201-03. The filing deadline has now passed, and Plaintiffs have not filed a third amended complaint.

Dismissal is appropriate here. "In determining whether to dismiss a case for failure to prosecute or comply with a court order, the [c]ourt must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants[]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* at 642. Plaintiffs' conduct impedes the Court from moving this case toward disposition and interferes with the Court's ability to manage its docket, which favors dismissal. The Court can discern no risk of prejudice to defendants, and the Court previously warned Plaintiffs that failure to comply with Court-imposed deadlines would result in dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). While the public policy favoring disposition of cases on their merits weighs against dismissal, it does not overcome the other four factors in this case. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("[T]his factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."). Weighing all of these factors, the Court finds that dismissal of this case is appropriate.

Plaintiffs request that any dismissal be without prejudice. ECF No. 202. Mindful of Plaintiffs' pro se status, the Court will dismiss this case without prejudice. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 7, 2023

_____
JON S. TIGAR
United States District Judge

2